IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RONALD SATISH EMRIT, ) ) Plaintiff, ) ) v. ) ) UNITED STATES NAVAL ) INTELLIGENCE, *et al.*, ) ) Defendants. ) ) | Civil Action No. 22-cv-02821-LKG Dated: November 4, 2022 |

## ORDER

On October 31, 2022, the Court received the above-entitled civil rights action which was filed by self-represented Plaintiff Ronald Satish Emrit along with a Motion to Proceed in Forma Pauperis. Because Mr. Emrit appears to be indigent, his motion shall be granted.

Title 28 U.S.C. section 1915(a)(1) permits an indigent litigant to commence an action in this Court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This Court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a Complaint, the factual allegations are assumed to be true. *Id*. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs*., 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never

squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . . It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).

Mr. Emrit's complaint must be dismissed because it fails to state a claim. Mr. Emrit is suing the United States Naval Intelligence, Secretary Lloyd Austin, and the Department of Defense because they have refused to acknowledge that he is related to Captain John Moss, William Benjamin, Clarence Smith, and Marie Moss Smith, all of whom are "historical African-Americans." ECF No. 1 at 7-8. He seeks a declaratory judgment from this Court stating that he is related to these individuals and also stating that "the three co-defendants do not have jurisdiction over American citizens pursuant to Posse Comitatus Act." *Id*. at 8. In addition, he seeks monetary damages of $80,000 for intentional infliction of emotional distress. *Id*. Mr. Emrit claims he has been racially profiled "as Arabic or Muslim" by the defendants and asserts that this is equivalent to denying that the Holocaust took place in Nazi Germany during World War II. *Id*. at 6-7. He provides no description of how the alleged failure to acknowledge his African-American heritage has resulted in a violation of his constitutional rights or any other right secured by federal statutory law.

Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "'courts are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with

the allegations in the complaint. *Id*. at 561. It is well-settled law that complaint allegations must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A*., 534 U.S. 506, 512 (2002) (internal quotation marks omitted). Mr. Emrit's complaint does not assert any facts consistent with a legitimate cause of action.

Accordingly, it is by the United States District Court for the District of Maryland hereby ORDERED that:

1. Plaintiff's Motion to Proceed in Forma Pauperis IS GRANTED;

2. The Complaint IS DISMISSED for failure to state a claim;

3. The Clerk SHALL PROVIDE a copy of this Order to Plaintiff; and

4. The Clerk SHALL CLOSE this case.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge